PEOPLE v CHANEY

SEARCHES AND SEIZURES—WITHOUT WARRANT—REASONABILITY—AUTO-
MOBILES—WEAPONS.

A police officer acted reasonably in searching an automobile,
which he had lawfully stopped for speeding, for weapons, where
he had received information over the state police radio that an
automobile of that description, probably driven by a named
person alone or with others, was traveling from Hammond,
Indiana, to Flint, and that the persons in the automobile might
be carrying guns, and where upon stopping the automobile he
had verified all of the information that he had received over
the radio except for the presence of weapons.

Appeal from Washtenaw, William F. Ager, Jr.,
J. Submitted Division 2 May 8, 1973, at Lansing.
(Docket Nos. 14251, 14252). Decided June 21, 1973.
Leave to appeal denied, 390 Mich 813. Certiorari
denied by the Supreme Court of the United States
April 22, 1974.

William M. Chaney was convicted of possessing
illegal weapons and of carrying a pistol in an
automobile without a license to do so. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, and *Lynwood E. Noah,* As-
sistant Prosecuting Attorney, for the people.

*Kratchman & Kratchman, P. C.,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Arrest §§ 26, 28.

Before: QUINN, P. J., and BRONSON and O'HARA,*
JJ.

PER CURIAM. Convicted by a jury and sentenced
for violation of MCLA 750.224; MSA 28.421 and
MCLA 750.227; MSA 28.424, defendant appeals.
The sole issue presented relates to the refusal of
the lower courts to suppress evidence necessary for
conviction seized in an alleged unlawful search.

Subsequent to being advised by his superior
officer of an impending telephone call from an
informant, state police Sergeant Schwarzkopf re-
ceived the call and the following information over
the telephone from an allegedly reliable but confi-
dential informant:

"That a late model Chevrolet black over yellow with
an Indiana license 98W-51 was traveling from, I believe,
Hammond, Indiana area, and going to the Flint area.
And that the driver, the person who would probably be
driving the car would be a William Chaney. And that
he may be alone, or there could be others with him.
And that he may be harmed [sic] as they may be
carrying guns."

After receiving this information, Sergeant
Schwarzkopf advised his superior of the receipt of
the call and of its contents. Decision was made to
give this information to the state police operations
office which broadcast it by radio. Officer Oester-
ling was patrolling I-94 when he received the above
information over the radio. Oesterling observed
the above described vehicle and stopped it for
speeding—80 mph in a 70 mph zone. The officer
ascertained that the owner of the car was defend-
ant Chaney, a passenger in the car. Thereupon the
questioned search occurred and disclosed a semi-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

automatic pistol in a brown paper bag on the floor, a Kone Special .38 revolver in a briefcase on the back seat, in the trunk a .38 snub-nose Smith & Wesson automatic revolver in a suitcase, a billy club in a briefcase, a .30-caliber carbine rifle cased and unloaded, a can of Mace and boxes of ammunition.

The car was lawfully stopped, so the inquiry is was the search reasonable, *People v Gonzales,* 356 Mich 247, 253; 97 NW2d 16 (1959).

At the time of the search, Officer Oesterling had verified all of the information that he had received over the radio, except for the presence of weapons. In this day of prevalent, indiscriminate use of handguns, was it unreasonable of him to ascertain whether or not the rest of the radio information was true? We think not. It would have been unreasonable for him not to have searched for the weapons.

Affirmed.